UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDIE D. WIDENER,<br>Petitioner | : <br> : <br> : | |
| v. | : <br> : <br> : | CIVIL NO. 4:CV-05-1607 <br><br>(Judge McClure) |
| JOSEPH SMITH, WARDEN,<br>Respondent | : <br> : <br> : | |

## **MEMORANDUM AND ORDER**

August 30, 2005

**Background**

Freddie D. Widener ("Petitioner"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. Named as Respondent is USP-Lewisburg Warden Joseph Smith.

Petitioner states that on December 19, 1990, he was convicted of conspiracy, robbery of a credit union, and assault with the use of a dangerous weapon in connection with a robbery in the United States District Court for the District of Maryland. Widener was subsequently sentenced to a 60 month term of

1

incarceration on Count One, a 240 month term on Count Two and a concurrent 262 month term with respect to Count Three. Following a direct appeal, his conviction was affirmed by the United States Court of Appeals for the Fourth Circuit.

Widener states that he also unsuccessfully sought collateral relief via an action filed pursuant to 28 U.S.C. § 2255. Specifically, he filed a § 2255 petition on June 22, 1998 which asserted a violation of the Double Jeopardy Clause. His petition was denied as being untimely. The dismissal was thereafter affirmed by the Fourth Circuit.

Petitioner's present action claims entitlement to federal habeas corpus relief on the grounds that: (1) his trial counsel provided ineffective assistance; (2) his conviction for both robbery of a credit union and one count of assault with the use of a weapon in connection with a robbery is a violation of the prohibition against Double Jeopardy; and (3) he was denied due process and his Sixth Amendment right to a jury trial because his sentence was enhanced by non-jury determinations that a B.B. gun was a dangerous weapon and that Petitioner had a supervisory role in the criminal enterprise.

All of Petitioner's claims are premised on the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000),[1] Blakely v. Washington, 124 S. Ct. 2531 (2004), Ring v. Arizona, 536 U.S. 584 (2002), and its more recent holding in United States v. Booker, 125 S. Ct. 738 (2005).  In Blakely, the Supreme Court stated that the Sixth Amendment did not permit a sentencing judge to increase a sentence based on facts that were neither reflected in the jury's verdict nor admitted by the defendant.  Booker reaffirmed Apprendi adding that the Federal Sentencing Guidelines were not mandates but advisory only.

In Ring, the Supreme Court relying on Apprendi, held that the Sixth Amendment mandates that criminal defendants "are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." Ring, 536 U.S. at 607-09.  Widener further maintains that his § 2255 remedy is inadequate or ineffective.

---

[1] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to

4

the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added). 28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd Cir. 1997); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir 1997); <u>Application of Galante</u>, 437, F.2d 1164, 1165 (3rd Cir. 1971). In his instant action, Widener is clearly challenging the legality of his federal criminal conviction and sentence which occurred in the District of Maryland.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a collateral relief motion is inadequate or ineffective only where it is established that some limitation of scope or procedure would prevent the collateral remedy from affording the prisoner a full hearing and adjudication of his claim of wrongful detention. <u>See</u> <u>Galante</u>, 437 F.2d at 1165 (3d Cir. 1971)(quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F. 2d 681, 684 (3d Cir. 1954)). It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See</u> <u>id.</u>; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir 1966).

Furthermore, prior unsuccessful collateral relief motions filed in the sentencing court have been held to be insufficient in and of themselves to show that

the motion remedy is inadequate and ineffective. Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a collateral relief remedy inadequate and ineffective. The legislative limitations placed on collateral relief proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Widener's present claims do not fall within the narrow exception created by Dorsainvil and Triestman. Specifically, there is no allegation by Petitioner that his claims are based on any newly discovered evidence. Widener has also not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

Unlike Dorsainvil, Widener's arguments for relief are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Petitioner has failed to present any allegations suggesting that he was not involved in

the alleged underlying criminal activity.  Rather, his claims are solely based on sentencing related issues, namely, that his sentence was improperly enhanced. Consequently, it is apparent that the claims for relief pending before this Court have nothing to do with the actual question of Petitioner's guilt.  It is additionally recognized that in Okereke v. United States, 307 F.3d 117, 120-121 (3d Cir. 2002), the Third Circuit established that under Dorsainvil, § 2255 is not inadequate or ineffective to raise Apprendi claims.  In conclusion, Petitioner's reliance on Apprendi is misplaced.

Furthermore, Widener's petition is also premised on the Blakely/Ring/Booker decisions.  In Tyler v. Cain, 533 U.S. 656, 663 (2001),[2] the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive.  The Court of Appeals for the Third Circuit recently held that the Blakely/Booker decisions do not have retroactive effect.  See Lloyd v. United States, 407 F. 3d 608, 615-16 (3d Cir.

---

[2]  While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim.  This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect.  United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)).  Precedent under § 2254 and § 2255 may be used interchangeably.  916 F. Supp. at 377 n.3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

2005); see also Oriakhi v. United States, Civ. No. 3:CV-04-36, slip op. at p. 3 (M.D. Pa. March 3, 2005)(Vanaskie, C.J.)(the Supreme Court has not directed that Blakely can be retroactively applied to cases on collateral review).  A similar finding was made by the Supreme Court with respect to Ring claims.  See Schiarro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 2526  (2004).  Since Blakely Ring, and Booker cannot presently be applied retroactively to cases on collateral review, this Court is precluded from considering any such claim by Widener.  See United States v. Pinkston, 153 F. Supp. 2d 557 (M.D. Pa. 2001).

Consequently, since Widener  has not established that his remedy under § 2255 is inadequate or ineffective under the standards announced in Dorsainvil and Triestman, his petition for writ of habeas corpus will be dismissed without prejudice.  Petitioner, if he so chooses, may reassert his present claims through an application seeking leave to file a second or successive § 2255 motion. Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed without prejudice.

    2.    The Clerk of Court is directed to close this case.

    3.    There is no basis for the issuance of a Certificate of Appealability.

                                       s/ James F. McClure, Jr.
                                JAMES F. McCLURE, JR.

                                United States District Judge